KIN WAH KUNG
4411 Elaiso Common
Fremont, CA 94536-5626
Phone: 415-637-8146

*Plaintiff In Pro Per*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **KIN WAH KUNG** | Case Number: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** |
| **EQUIFAX INC. d/b/a EQUIFAX INFORMATION SERVICES LLC,** | |
| Defendant. | |

## COMPLAINT

Plaintiff, Kin Wah Kung ("Plaintiff") brings this complaint against Defendant Equifax Inc. d/b/a Equifax Information Services LLC ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b)(2).

**INTRADISTRICT ASSIGNMENT**

3. The events giving rise to the Plaintiff's cause of action occurred in Alameda County, California.

**PARTIES**

4. Plaintiff is an individual who, at all relevant times during the events alleged herein, resided in Alameda County, California.

5. Defendant is a foreign corporation incorporated in the State of Georgia, engaging in the business as a credit reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

**STATEMENT OF FACTS**

6. The purpose of Fair Credit Reporting Act, as amended ("FCRA"), codified as 15 U.S.C. § 1681, is "to insure that [CRAs] exercise their grave responsibilities with…a respect for the consumer's right to privacy." See 15 U.S.C. § 1681(a)(4).

7. Pursuant to 15 U.S.C. § 1681b(c), a CRA may furnish reports in connection with so-called "prescreened" offers. As required by 15 U.S.C. § 1681b(e), a CRA must allow consumers to be excluded from receiving these so-called "prescreened" offers.

8. In 2000s[1], Plaintiff has exercised his right under 15 U.S.C. § 1681b(e) to be permanently excluded from receiving these so-called "prescreened" offers through OptOutPrescreen.com, a centralized service to accept and process requests from consumers to "Opt-In" or "Opt-Out" of firm offers of credit or insurance. OptOutPrescreen.com is operated by Opt Out Services LLC, a joint venture among Defendant and other CRAs.

9. Beginning the end of 2013, Plaintiff has received numerous so-called "prescreened" offers by mail. Upon reviewing Plaintiff's credit reports furnished by Defendant

---

[1] Plaintiff is uncertain the exact date of the exclusion. However, Plaintiff is certain that the exclusion is effect in all relevant times during the events alleged in this complaint.

1  and other CRAs, Defendant's report revealed that Plaintiff's credit information has been
2  furnished 8 times to 5 different legal U.S.- operating entities, for these so-called "prescreened"
3  offers. None of these entities is known to Plaintiff and maintains a relationship with Plaintiff.

4      10.    On November 28, 2014, Plaintiff has sent a demand letter to Defendant, in
5  attempt to resolve the allegations without this Court's involvement. Plaintiff requested Defendant
6  to cease and desist from furnishing Plaintiff's credit report for these so-called "prescreened"
7  offers and remedy Plaintiff's damage. The letter was sent as certified mail by U.S. Postal
8  Service. U.S. Postal Service record shows the letter was received on December 2, 2014.
9  Defendant was given 30 days to respond the allegations.

10      11.    The only response that Plaintiff has received from Defendant before the
11  commencement of this action was a credit report furnish to Plaintiff dated December 6, 2014.
12  Plaintiff is not aware that Plaintiff has requested such disclosure. Upon reviewing this credit
13  report, Plaintiff discovered his credit report has been accessed for its 9th time for the so-called
14  "prescreened" offers.

15      12.    Despite Plaintiff's good faith in resolving issues, Defendant has disregarded
16  Plaintiff's demand, the intervention of this Court is required to settle such claim.

17
18  **CAUSE OF ACTION**
19      **I.**    **WILLFUL NONCOMPLIANCE (15 U.S.C. § 1681n)**

20      13.    Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 12
21  above as though fully set forth herein.

22      14.    Plaintiff's election of exclusion, under 15 U.S.C. § 1681b(e)(2)(B), shall be in
23  effect indefinitely pursuant to 15 U.S.C. § 1681b(e)(4)(B)(ii) unless Plaintiff has "opt in" under
24  15 U.S.C. § 1681b(c)(1)(A). Despite the election, Defendant furnished reports for the so-called
25  "prescreened" offers for 9 times. In addition, without Plaintiff's instruction and consent under 15
26  U.S.C. § 1681b(a)(2), Defendant has yet furnished another credit report to Plaintiff. The release
27

Amended Complaint (4:12-CV-00645-YGR)

of credit information is unauthorized and constitutes willful violations of FCRA, including but not limited to:

    (a) Furnishing Plaintiff's credit information to companies without a permissible purpose, as required by 15 U.S.C. § 1681b;

    (b) Failing to follow Plaintiff's election of exclusion pursuant to 15 U.S.C. § 1681b;

    (c) Disclosing Plaintiff's credit information to Plaintiff without Plaintiff's consent as required by 15 U.S.C. § 1681h.

15. As a result of Defendant's violations, Plaintiff has suffered, continues to suffer, and will suffer future damages, including but not limited invasion of privacy, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by this Court.

## II.   NEGLIGENT NONCOMPLIANCE (15 U.S.C. § 1681o)

16. Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 12 above as though fully set forth herein.

17. Plaintiff's election of exclusion, under 15 U.S.C. § 1681b(e)(2)(B), shall be in effect indefinitely pursuant to 15 U.S.C. § 1681b(e)(4)(B)(ii) unless Plaintiff has "opt in" under 15 U.S.C. § 1681b(c)(1)(A). Despite the election, Defendant furnished reports for the so-called "prescreened" offers for 9 times. In addition, without Plaintiff's instruction and consent under 15 U.S.C. § 1681b(a)(2), Defendant has yet furnished another credit report to Plaintiff. The release of credit information is unauthorized and constitutes negligent violations of FCRA, including but not limited to:

    (a) Furnishing Plaintiff's credit information to companies without a permissible purpose, as required by 15 U.S.C. § 1681b;

    (b) Failing to follow Plaintiff's election of exclusion pursuant to 15 U.S.C. § 1681b;

    (c) Disclosing Plaintiff's credit information to Plaintiff without Plaintiff's consent as required by 15 U.S.C. § 1681h.

18. As a result of Defendant's violations, Plaintiff has suffered, continues to suffer, and will suffer future damages, including but not limited invasion of privacy, worry, distress, frustration, embarrassment, and humiliation, in an amount to be determined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. Declare that Defendant has willfully and/or negligently violated FCRA.

B. Permanently enjoin Defendant from furnishing Plaintiff's credit information without a permissible purpose.

C. On First Cause of Action (Willful Noncompliance):

 1. Actual damages as determined by this Court;

 2. Punitive damages as determined by this Court;

 3. Statutory damages as determined by this Court.

D. On Second Cause of Action (Negligent Noncompliance):

 1. Actual damages as determined by this Court.

E. For costs of this suit incurred herein.

F. For other such further reliefs as this Court may deem just and proper.

DATED: January 2, 2015                Respectfully submitted,


*s/ Kin Wah Kung*_____

KIN WAH KUNG

*Plaintiff In Pro Per*

Amended Complaint (4:12-CV-00645-YGR)